UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION



FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2016 APR 18  PM 3: 08

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:16-CR |
| ) | |
| KYLE EDWARD COX, ) | 1:16-cr-0082 JMS -TAB |
| ) | |
| Defendant. ) | |

### INFORMATION

The United States Attorney charges that:

### General Allegations

At times material to these charges:

1. The Defendant, Kyle Edward Cox (hereinafter "Cox"), aka "Edward," "CKC," "KC" and "bigsilkysmooth," was a 31-year-old resident of the Southern District of Indiana, who worked as a teacher and basketball coach at Park Tudor School in Indianapolis.

2. **Coercion and Enticement (18 U.S.C. § 2422(b))**: Under the United States Code, it is unlawful for a person to use the mail or any facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, or attempt to do so. This statute incorporates both state and federal law in

determining whether the underlying sexual activity is a criminal offense, including the federal law prohibiting the sexual exploitation of a child, and attempts to do so (18 U.S.C. § 2251(a)) and the Indiana law prohibiting sexual misconduct with a minor (IC 35-42-4-9(a)(1)).

3. **Sexual Exploitation of a Child (18 U.S.C. § 2251(a)):** Under the United States Code, it is unlawful for a person to employ, use, persuade, induce, entice, or coerce any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.  It is also a crime to attempt to sexually exploit a child. 18 U.S.C. § 2251(e).

4. The term "minor" is defined as a person under the age of 18 years. 18 U.S.C. § 2256(1).

5. The term "visual depiction" is defined as to include undeveloped film and videotape, data stored on computer disk or by other electronic means which

is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format. 18 U.S.C. § 2256(5).

6. **Sexual Misconduct with a Minor (Indiana Code 35-42-4-9)**: This Indiana statute prohibits sexual intercourse, other sexual conduct, and / or touching or fondling with the intent to arouse or satisfy sexual desires, between a person who is at least 18 years of age and a child who is 14 or 15 years old.

7. **Child Victim**: The pseudonym "Child Victim 1" represents a 15-year-old minor girl, who lived in the Southern District of Indiana.

### Activity Relating to Child Victim 1

8. Cox and Child Victim 1 met at Park Tudor School were Cox was a teacher and a coach. Specifically, Cox was a teacher of Child Victim 1 beginning in the fall of 2015.

9. In or about August 2015, Cox and Child Victim 1 began talking regularly in person or by phone. They also communicated through text messages or online applications over the course of several months until on or about December 15, 2015.

10. Cox regularly engaged in communications with Child Victim 1 using facilities of interstate or foreign commerce, including cellular phones, Snapchat, and Instagram. These communications included incoming and outgoing cellular phone calls, images, videos, text-messaging, instant messaging,

i-Messages, Snapchat messaging, Instagram direct messaging and calls/video-chats made through the Internet or cellular phone services.

11. After Cox began sending text messages to Child Victim 1, he gave her a role on the team he coached. During her school day, Child Victim 1 would spend time with Cox in his office on school property.

12. In or about September 2015, Cox started asking Child Victim 1 inappropriate questions. He also began following her on Instagram. Over time, Cox turned the communications from usual topics, such as basketball, classroom subjects, and school, to sexual matters. Cox then began telling Child Victim 1 sexual things that Cox wanted to do with her.

13. Cox's initial text conversations and his requests for pictures of Child Victim 1 (by means of text messaging or over the Internet) were not sexually explicit. Over time, however, when Cox received an image from Child Victim 1, he commented on it and then he persuaded, induced, enticed, or coerced Child Victim 1 to send Cox more explicit images as the weeks went on.

14. Cox sent Child Victim 1 images of his penis through text messages and the Internet. None of the penis images that Cox sent contained Cox's face in them.

15. Child Victim 1 did not create or possess any sexually explicit images or videos on her phone before Cox requested those images. Cox, through cellular networks or the Internet, told Child Victim 1 that he wanted her to send specific types of images and videos of herself, including nudity. Child Victim 1

eventually sent videos to Cox, using her cellular phone service and the Internet. Cox asked for specific videos, some of which were of Child Victim 1 engaged in sexually explicit conduct. Cox typically asked Child Victim 1 to send him an image and/or video and then would later make favorable comments about the content. Cox also told Child Victim 1 that he would masturbate to the images and videos.

16. Cox used the username "Bigsilkysmooth" to exchange videos and images with Child Victim 1.

17. Cox devised a plan for him to pick up Child Victim 1 and drive her to his house on Saturday, December 19, 2015, while his family was scheduled to be out of town. His purpose, which he discussed during text messaging with Child Victim 1, was to engage in sexual intercourse with her.

18. **Attempted Sexual Activity**: During these communications with Child Victim 1, Cox knowingly attempted to persuade, induce, entice, and coerce Child Victim 1 to engage in sexual acts with him on at least two different occasions, both at the school in November of 2015 and at his residence on December 19, 2015.

19. In November of 2015, Child Victim 1 did not meet with Cox at the school to engage in sexual acts, going home instead.

20. The meeting on December 19, 2015, never occurred because the communications between Cox and Child Victim 1 were discovered by her parents on December 13, 2015.

21. **Production of Child Pornography:** During these communications with Child Victim 1, Cox also knowingly persuaded, induced, enticed, and coerced Child Victim 1 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which were then actually transmitted to him using a facility of interstate or foreign commerce.

22. As a result of these communications, Cox received visual depictions of Child Victim 1 on his cellular phone.

23. **Attempts to Hide Criminal Activity:** On or about December 13-15, 2015, Child Victim 1's parents informed school personnel that Cox was sending images of his penis to Child Victim 1 and receiving sexually explicit images from her. A school administrator informed Cox that he needed to come to a meeting at the school on the morning of December 15, 2015.

24. On December 15, 2015, Cox communicated with Child Victim 1 by telephone. During this conversion, Cox unsuccessfully tried to persuade Child Victim 1 to lie about their communications during the previous months to avoid criminal responsibility for his actions. Cox wanted Child Victim 1 to falsely claim that she created both sides of all of the text messages, when he knew this was not true because he had actually sent and received all of the messages and images representing his side of these communications. Cox told Child Victim 1 that he was going to be in a lot of trouble if she told the truth about what had happened. Child Victim 1 responded that she couldn't lie. Cox then told Child Victim 1 to make sure that he didn't go to jail.

## COUNT 1

## Coercion and Enticement
## 18 U.S.C. § 2422(b)

25. Based upon this conduct, and the resulting visual images and communications, between in or about September, 2015 through on or about December 15, 2015, Cox did use a facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, and coerce, and attempt to knowingly persuade, induce, entice, and coerce, Child Victim 1, an individual who has not attained the age of 16 years, to engage in sexual activity for which any person could be charged with a criminal offense, specifically, sexual acts with a person under the age of 16 years as defined in IC 35-42-4-9(a) and sexual exploitation of a child as defined in 18 U.S.C. § 2251(a).  All of which is a violation of 18 U.S.C. § 2422(b) and (e).

All of which is a violation of 18 U.S.C. § 2422(b).

_____
JOSH J. MINKLER
United States Attorney

STATE OF INDIANA      )
                      )   SS:
COUNTY OF MARION      )

Joe H. Vaughn, being first duly sworn, upon his oath deposes and says that he is an Assistant United States Attorney in and for the Southern District of Indiana, that he makes this affidavit for and on behalf of the United States of America and that the allegations in the foregoing Information are true as he is informed and verily believes.

                                              Joe H. Vaughn
                                              Assistant United States Attorney

Subscribed and sworn to before me, a notary public, on this 18th day of April, 2016.

                                              Carrie A. Griffin
                                              Notary Public

My Commission Expires:      January 21, 2024

My County of Residence:      Hancock