FILED
U.S. DISTRICT COURT
NDIANAPOLIS DIVISION

2016 APR 18 PM 3: 08

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA,      )
                               )
        Plaintiff,             )
                               )
v.                             )    CAUSE NO.
                               )
KYLE COX,                      )
                               )
        Defendant.             )    **1:16-cr-0082 JMS -TAB**
                               )

**Agreement to Waive Indictment**

The United States of America, by counsel, Josh J. Minkler, United States

Attorney for the Southern District of Indiana, and Steven DeBrota, Senior

Litigation Counsel, and Kristina Korobov, Assistant United States Attorney, the

defendant in person and through his undersigned counsel, hereby inform the

Court that the defendant has agreed to waive his right to indictment in this

matter, as follows:

1.    The defendant is charged by Complaint with coercion and

enticement, in violation of 18 U.S.C. § 2422(b)(Count 1).  The defendant has

discussed these offenses with his counsel and understands the nature and

circumstances of these allegations in the Complaint.

2.    After discussions with the United States, and being fully advised by

his counsel, the defendant has agreed to waive his right to have the matter

presented to the Grand Jury in the Southern District of Indiana and to allow his

case to proceed forward through the filing of the Information.  The defendant

has further agreed to waive his right to have the Information filed within 30 days of his arrest on the charges in the Complaint in this action or as presently extended by court order.

3.     The government will charge the defendant by Information with one count of coercion and enticement, in violation of 18 U.S.C. § 2411(Count 1).

4.     Count 1 of the Information may be punished by a term of imprisonment of between 10 years and up to the life of the defendant, fine of up to $250,000, and a term of supervised release following any term of imprisonment of at least 5 years and up to the life of the defendant. 18 U.S.C. § 2422(b).

5.     The defendant understands that the government will file such Information and request the Court to schedule a hearing during which the defendant will verbally and in writing waive his right to indictment pursuant to this agreement.

6.     In light of the defendant's agreement to waive charging by indictment and the time within which the information must be filed, the parties understand and agree that the Court should extend the normally applicable indictment period under the Speedy Trial Act to permit the scheduling and holding of the waiver of indictment hearing.   If for any reason the defendant fails to waive indictment as agreed herein, then the defendant agrees to a 30 day extension of the indictment period from the date of the scheduled waiver of

indictment hearing to allow the government to present the matter to the grand jury for further proceedings.

7.    The defendant's agreement to waive indictment in this matter does not constitute an admission of his guilt relating to the criminal conduct specified in the Information and the defendant retains his right to contest these charges.

8.    The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce him to waive indictment and the time within which an information must be filed and agree to the filing of an Information.

Respectfully submitted,
JOSH J. MINKLER
United States Attorney

4/8/16
DATE

Steven DeBrota
Senior Litigation Counsel

4/8/16
DATE

Kristiana Korobov
Assistant United States Attorney

4/8/16
DATE

Kyle Cox
Defendant

4/8/16
DATE

James Voyles
Attorney for Defendant
# 631-49

3

4/8/16
DATE

Jennifer Lukemeyer
Attorney for Defendant

4